# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>EMMANUEL CHAPLAIN,<br><br>Defendant. | 8:14CR409<br><br>MEMORANDUM AND ORDER |

This matter is before the Court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 386, filed by the Defendant, Emmanuel Chaplain. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

After a six-day jury trial, Chaplain was found guilty of the following Counts of the Superseding Indictment: Count IV (Robbery in violation of 18 U.S.C. § 1951), Count VII (Robbery in violation of 18 U.S.C. § 1951), Count VIII (Robbery in violation of 18 U.S.C. § 1951), Count IX (Brandishing a Firearm During a Crime of Violence, *i.e.*, Robbery as charged in Count VIII), Count X (Robbery in violation of 18 U.S.C. § 1951), County XI (Robbery in violation of 18 U.S.C. § 1951) Count XII (Brandishing a Firearm During a

Crime of Violence, *i.e.*, Robbery as charged in Count XI), Count XIII (Robbery in violation of 18 U.S.C. § 1951), County XIV (Robbery in violation of 18 U.S.C. § 1951), County XVI (Felon in Possession of a Firearm), and Count XVIII (Brandishing a Firearm in Connection with a Crime of Violence, *i.e.*, Robbery charged in Count XIII).

On June 20, 2016, Chaplain was sentenced to 168 months on Counts IV, VII, VIII, X, XI, XIII, and XIV; seven years (consecutive) on Count IX; 25 years (consecutive) on Count XII; 120 months (concurrent) on Count XVI, and 25 years (consecutive) on Count XVIII; followed by three years of supervised release on Counts IV, VII, VIII, X, XI, XIII, XIV, XVI, and five years of supervised released on Counts IX, XII, XVIII, all to run concurrently.

Chaplain filed a timely appeal, and his conviction and sentence were affirmed by the U.S. Court of Appeals for Eighth Circuit on July 21, 2017. His petition for rehearing was denied on October 4, 2017, and the mandate was issued on October 11, 2017.

## DISCUSSION

Chaplain's § 2255 Motion is his first such motion and it is timely. Because each of Chaplain's claims is based on ineffective assistance of counsel, the claims are cognizable in his § 2255 proceeding. *United States v. Lewis*, 483 F.3d 871, 873 n.2 (8th Cir. 2007) ("In general, an ineffective assistance of counsel claim is not cognizable on direct appeal. Instead, such a claim is properly raised in a 28 U.S.C. § 2255 action.").

To establish ineffective assistance of counsel, Chaplain must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel

2

performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

Chaplain asserts his counsel was ineffective at trial, sentencing, and appeal in four respects: (1) failing to challenge the constitutionality of the residual clause of 18 U.S.C. § 924(c)(3) as void for vagueness, and failing to argue that offenses committed under 18 U.S.C. § 1951 are not crimes of violence under the force clause of § 924(c)(3) because they encompass crimes against property; (2) failing to argue (a) that 18 U.S.C. §§ 924(c), 922(g) and/or 1951 lack necessary mens rea requirements, (b) that his Fifth and Sixth Amendment rights were violated when the Court and not a jury determined whether his underlying offenses constituted crimes of violence, and (c) that his prior convictions were not crimes of violence; (3) failing to challenge the search of his person and the seizure of his saliva as a violation of his Fourth, Fifth, and Sixth Amendment rights, and the use of related testimony at trial as improper expert testimony; and (4) failing to retain an expert to compile chart summaries to refute the Government's chart summaries, and failing to object to the Government's charts or seek a limiting instruction from the Court regarding the proper use of the charts.

# I. Counsel's Failure to Challenge the Constitutionality of 18 U.S.C. § 924(c)(3)(B), and Failure to Argue that Offenses Committed under 18 U.S.C. § 1951 are not Crimes of Violence under the Force Clause of § 924(c)(3)

Chaplain's sentences on Counts IX, XII, and XVIII, for his crimes of brandishing firearms in connection with crimes of violence, were subject to the penalties prescribed by 18 U.S.C. § 924(c), which provides, in pertinent part:

> (1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years[.]
> . . . .
> (C) In the case of a second or subsequent conviction under this subsection, the person shall—
> (i) be sentenced to a term of imprisonment of not less than 25 years[.]
> . . . .
> (D) Not withstanding any other provision of law—
> . . . .
> (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed.

Chaplain notes that "crime of violence" is defined in § 924(c)(3) as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." He argues that his counsel was ineffective for not challenging the constitutionality of the "residual clause" of § 924(c)(3), *i.e.*, subsection (B), and for failing to argue that robbery committed under 18 U.S.C. §

4

1951 (the "Hobbs Act") is not a crime of violence under the force clause of § 924(c)(3), *i.e.*, subsection (A), because such crimes encompass crimes against property:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Chaplain refers the Court to *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), in which the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1), (the "ACCA"), to be unconstitutionally vague, and therefore void. That clause provided that a "violent felony" included any crime that "involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(1)(B)(ii). Chaplain also refers the Court to *Sessions v. Dimaya*, 584 U.S. ____ (2018), in which the Supreme Court held the clause defining "crime of violence in 18 U.S.C. § 16(b) unconstitutionally vague. That clause provided that a "crime of violence" means "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." That language, of course, is mirrored in § 924(c)(3)(B). Finally, Chaplain contends that other courts have found that conspiracies to commit violations of the Hobbs Act are not crimes of violence.

In Chaplain's case, the Hobbs Act charges in Counts IV, V, VII, VIII, X, XI, XIII and XIV of the Superseding Indictment specified that his violations were perpetrated by robbery (not extortion or conspiracy), and the robberies were by means of actual and

5

threatened force, violence, and fear of injury, immediate and future, to the *person* of the alleged victims.  ECF No. 170.  The jury was instructed that "[t]he first element of the crime of interference with commerce by means of robbery, as charged in Counts IV, V, VII, VIII, X, XI, XIII, and XIV, requires that the defendant knowingly robbed, attempted to rob, or aided and abetted in the robbery or attempted robbery of locations alleged in the Superseding Indictment."  ECF No. 326, Page ID 2173.  The jury was further instructed that "'Robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against the person's will. The unlawful taking or obtaining must occur by means of actual force, threatened force, violence, or fear of injury, whether immediately or in the future, to the person's body."  Accordingly, the charges against Chaplain under 18 U.S.C. § 1951 were crimes of violence under the "force clause" of § 924(c)(3), *i.e.*, subsection (A), and not under the "residual clause," *i.e.*, subsection (B).

Chaplain's counsel was not ineffective for failing to challenge the constitutionality of 18 U.S.C. § 924(c)(3)(B), because Chaplain's Hobbs Act violations were crimes of violence under § 924(c)(3)(A).  Nor was Chaplain's counsel ineffective for failing to argue that offenses committed under 18 U.S.C. § 1951 are not crimes of violence under § 924(c)(3)(A).  Both § 924(c)(3)(A) and § 1951(b)(1) include use of force against property as well as persons, and neither section is unconstitutionally vague.  Further, the language of the Superseding Indictment and the jury instructions made clear that each of Chaplain's Hobbs Act charges had as an element the use, attempted use, or threatened use of physical force against another person.

6

Chaplain's counsel performed within the wide range of reasonable professional assistance, did not fail to function as the kind of counsel guaranteed by the Sixth Amendment, and did not prejudice Chaplain's defense.

## II. Counsel's Failure to Argue (a) 18 U.S.C. §924(c), §922(g) and/or §1951 Lack Mens Rea Requirements, (b) a Jury and not the Court Should Have Determined Whether His Underlying Offenses Were Crimes of Violence, and (c) His Prior Offenses Were Not Crimes of Violence

The Supreme Court has "relied on the nature of the statute and the particular character of the items regulated to determine whether congressional silence concerning the mental element of the offense should be interpreted as dispensing with conventional *mens rea* requirements." *Staples v. United States*, 511 U.S. 600, 607 (1994).

Whether or not the crimes defined in 18 U.S.C. §924(c), §922(g) and/or §1951 are of such a nature that the Supreme Court would assume "Congress intended to place the burden on the defendant to 'ascertain at his peril whether [his conduct] comes within the inhibition of the statute[,]'" *id.* (quoting *United States v. Balint*, 258 U.S. 250, 254 (1922)), the mens rea element *was* included in the jury instructions with respect to each charge against Chaplain. See Jury Instructions Numbers 6 through 22, ECF No. 326, Page ID 2165-84. Any challenge by counsel to the lack of a mens rea requirement in 18 U.S.C. §92(c), §922(g), and/or §1951 would have been futile, and counsel's failure to make such a challenge was harmless.

Chaplain was not a career criminal at the time of his sentencing, and he received no Chapter Four enhancement under the United States Sentencing Guidelines. His reference to his "underlying offenses" and the Court's determination that they were

crimes of violence is therefore a reference to his Hobbs Act robbery convictions that provided the underlying basis for his convictions on Counts IX, XII, and XVIII, for brandishing firearms during crimes of violence. It was the jury that determined Chaplain's guilt on the underlying Hobbs Act offenses, which by the definitions in the elements of the offenses were crimes of violence. It was also the jury that determined Chaplain's guilt as to Counts IX, XII, and XVIII. Accordingly, Chaplain's argument that the jury and not the Court should have determined whether his underlying offenses were crimes of violence is without merit, and his counsel was not ineffective for failing to pursue such an argument. Similarly, Chaplain's assertion that his counsel was ineffective for failing to argue that the "prior offenses" were not crimes of violence is without merit.

### III. Counsel's Failure to Challenge the Search of Chaplain and the Seizure of his Saliva, and Related Trial Testimony

Testimony at trial demonstrated that Kristy Cook, an officer with the Omaha Police Department, took a buccal swab from Chaplain's inner cheek on July 25, 2014, after he was in custody in connection with the charges leading to his convictions in this case. Brandy Porter, a forensic scientist with the Nebraska State Patrol Crime Lab compared the DNA sample from the buccal swab and a DNA sample from a bandana in evidence in connection with the robberies, and she linked the bandana to Chaplain through the DNA samples.

Chaplain contends that his counsel was ineffective for failing to file a motion to suppress the buccal swab DNA sample, which Chaplain asserts was obtained without

8

an affidavit or application demonstrating probable cause and without a search warrant, in violation of his rights under the Fourth, Fifth, and Sixth Amendments.

In *Maryland v. King*, 569 U.S. 435 (2013), the Supreme Court held that when an offender is arrested and detained based on probable cause that he has committed a serious offense, the taking of a check swab of DNA is, like fingerprinting and photographing, a legitimate police booking practice that is reasonable under the Fourth Amendment.

Both Cook and Porter testified at Chaplain's trial and were available for cross-examination. Accordingly, his right of confrontation under the Sixth Amendment was not violated. Neither was he denied due process under the Fifth Amendment.

Chaplain's counsel's failure to file a motion to suppress evidence from the buccal swab was not deficient performance, nor was Chaplain prejudiced by counsel's failure to file a motion which would have been futile.

## IV. Counsel's Failure to Retain an Expert to Compile Chart Summaries to Refute the Government's Summaries, and Failure to Object to the Government's Charts or Seek a Limiting Instruction from the Court Regarding Proper Use of the Charts

At trial, the Government presented Exhibit 94, a DNA table. Chaplain argues that his counsel was ineffective for failing to retain a "forensic scientist" to create "chart summaries to compete with the government version." Chaplain's Memorandum, ECF No. 386, Page ID 2522. He also argues that his counsel was ineffective for failing to seek an instruction from the Court to the jury regarding the proper use of the DNA table. *Id.* at 2524.

Chaplain has failed to present any evidence or argument as to *how* an independently retained "forensic scientist" could compile a table or a summary chart with a result different from that presented by the Government. Nor does he suggest what limiting instruction should have been offered to the jury by the Court in connection with the DNA table. Accordingly, Chaplain has failed to show that his counsel's performance was deficient, or that Chaplain suffered any prejudice by his counsel's failure to retain an independent forensic scientist.

Although Chaplain asserts that the DNA table "was the only evidence that was presented and used in trial against Mr. Chaplain," *id.* at 2523, there was an abundance of additional evidence from which the jury could conclude beyond a reasonable doubt that Chaplain committed each of the offenses for which he was found guilty. That evidence included, but was not limited to, the GPS tracking data that linked Chaplain's location-monitoring ankle bracelet to each of the first six robbery locations, and the voice-identification of Chaplain by witnesses to the two subsequent robberies. The U.S. Court of Appeals for the Eighth Circuit presented a thorough discussion of the abundance of evidence against Chaplain in its opinion denying his appeal of his conviction. See *United States v. Chaplain*, 864 F.3d 853 (8th Cir. 2017).

## CONCLUSION

Chaplain has failed to demonstrate that his counsel's performance was deficient at trial, at sentencing, or on appeal, giving rise to any violation of Chaplain's Sixth Amendment right to representation by counsel; and Chaplain has failed to demonstrate that he suffered any prejudice as a result of the alleged deficiencies in his counsel's performance.

Accordingly,

IT IS ORDERED:

1. Defendant Emmanuel Chaplain's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 386, is denied;

2. A separate Judgment will be entered, denying the § 2255 Motion; and

3. The Clerk will mail a copy of this Memorandum and Order to Defendant Emmanuel Chaplain at his last known address.

Dated this 31st day of August, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge