IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:14CR409 |
| vs. | |
| EMMANUEL CHAPLAIN | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's Motion for Extension of Time to File Appeal, ECF No 391, and his "Requesting for a Certificate of Appealability," ECF No. 392. The Defendant seeks an extension of time in which to appeal from the Memorandum and Order, ECF 388, and Judgment, ECF No. 389, denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion").

Before the Defendant may appeal the denial of his § 2255 Motion a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> . . . .
>
> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court carefully considered the issues raised in the Defendant's § 2255 motion. For the reasons set forth in the Court's previously issued Memorandum and Order, ECF 388, denying the Defendant's § 2255 motion, the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

Regarding the Defendant's Motion to Extend Time to File an Appeal, ECF No. 391, Rule 11(b) of the Federal Rules Governing § 2255 Proceedings provides that "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules." F.R.A.P. 4(a)(5)(A) permits a district court to extend the time to file a notice of appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that

party shows excusable neglect or good cause." F.R.A.P. 4(a)(5)(C) provides: "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."

The Defendant's Motion to Extend Time to File an Appeal, ECF No. 391, was filed fourteen days after the entry of Judgment, denying his § 2255 Motion. The Court will grant the Defendant's Motion to Extend Time to File an Appeal, and the Defendant may file a Notice of Appeal on or before October 30, 2018.

IT IS ORDERED:

1. The Defendant's Motion for Certificate of Appealability, ECF No. 392, is denied;

2. The Defendant's Motion to Extend Time to File an Appeal, ECF No. 391, is granted;

3. The Defendant may file a Notice of Appeal from the Court's Memorandum and Order, ECF No. 388, and Judgment, ECF No. 389, denying his § 2255 Motion, ECF No. 386, on or before October 30, 2018; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 9th day of October, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge