# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiffs, vs. **EMMANUEL CHAPLAIN,** Defendant. | 8:14CR409 **MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendant's "2241 Motion from Appellant," ECF No. 448, construed as a motion under 28 U.S.C. § 2255, and under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

After a six-day jury trial, Chaplain was found guilty of the following Counts of the Superseding Indictment: Count IV (Robbery in violation of 18 U.S.C. § 1951), Count VII (Robbery in violation of 18 U.S.C. § 1951), Count VIII (Robbery in violation of 18 U.S.C. § 1951), Count IX (Brandishing a Firearm During a Crime of Violence, *i.e.*, Robbery as charged in Count VIII), Count X (Robbery in violation of 18 U.S.C. § 1951), Count XI (Robbery in violation of 18 U.S.C. § 1951) Count XII (Brandishing a Firearm During a

Crime of Violence, *i.e.*, Robbery as charged in Count XI), Count XIII (Robbery in violation of 18 U.S.C. § 1951), County XIV (Robbery in violation of 18 U.S.C. § 1951), County XVI (Felon in Possession of a Firearm), and Count XVIII (Brandishing a Firearm in Connection with a Crime of Violence, *i.e.*, Robbery charged in Count XIII).

On June 20, 2016, Chaplain was sentenced to 168 months on Counts IV, VII, VIII, X, XI, XIII, and XIV; seven years (consecutive) on Count IX; 25 years (consecutive) on Count XII; 120 months (concurrent) on Count XVI, and 25 years (consecutive) on Count XVIII; followed by three years of supervised release on Counts IV, VII, VIII, X, XI, XIII, XIV, XVI, and five years of supervised released on Counts IX, XII, XVIII, all to run concurrently.

Chaplain filed a timely appeal, and his conviction and sentence were affirmed by the U.S. Court of Appeals for Eighth Circuit on July 21, 2017. His petition for rehearing was denied on October 4, 2017, and the mandate was issued on October 11, 2017.

Chaplain filed his first motion under 28 U.S.C. § 2255 on August 9, 2018, and the Motion was denied on August 31, 2018. See Memorandum and Order at ECF No. 388. Judgment was entered and a certificate of appealability was denied. Chaplain filed a Notice of Appeal, and the U.S. Court of Appeals for the Eighth Circuit denied his application for a certificate of appealability.

Chaplain now moves this Court to modify his sentence, citing the cases of *Dean v. United States*, 137 S. Ct. 1170 (2017), and *Davis v. United States*, 139 S. Ct. 2319 (2019), as well as the First Step Act.

## DISCUSSION

**I. Section 2255**

To the extent that Chaplain seeks relief under § 2255, his motion is a second or successive petition, and must be authorized by the Court of Appeals before this Court may consider it. § 2255(h). After determining that a petition is a second or successive habeas petition, "the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the . . . motion to the Court of Appeals." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). For the following reasons, the Court will not exercise its discretion to transfer the motion to the Eighth Circuit and will dismiss the motion for lack of jurisdiction. *See United States v. Drayton*, CR 10-20018-01-KHV, 2019 WL 464872, at *1 (D. Kan. Feb. 5, 2019) (citing *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In *Dean*, decided April 3, 2017, the Supreme Court stated that a sentencing judge may consider the mandatory nature of sentences imposed under §924(c) when calculating the sentence for the predicate offense. 137 S. Ct. at 1178. To the extent that Chaplain relies on *Dean* for relief, his §2255 motion is untimely.

In *Davis,* decided June 24, 2019, the Supreme Court held the residual clause of 18 U.S.C. § 924(c), defining a "crime of violence" in § 924(c)(3)(B), is unconstitutionally vague. Whether or not the *Davis* decision is one made retroactively applicable to cases on collateral review, and whether Chaplain's Motion is thus timely or not, the Motion is without merit. "Crime of violence" is defined in 18 U.S.C. § 924(c)(3) as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In Chaplain's first §2255 Motion, he argued that robbery committed under 18 U.S.C. § 1951 (the "Hobbs Act") is not a crime of violence under the force clause of § 924(c)(3), *i.e.*, subsection (A), because such crimes encompass crimes against property. That argument was thoroughly addressed and rejected in the Court's Memorandum and Order, ECF No. 388, affirmed on appeal.

A petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this

denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Chaplain has made no such showing, and no certificate of appealability will be issued.

## II.     First Step Act

The First Step Act,[1] among many other things, amended 18 U.S.C. § 924. In Section 403 of the Act, congress amended § 924(c)(1)(C) so a consecutive term of 25 years (300 months) for a second or subsequent conviction for possession of a firearm during a drug trafficking crime is no longer mandated if the crime was committed before a prior conviction under the subsection was final. This amendment could have benefited Chaplain if it had been in effect at the time of his sentencing. Section 403 of the First Step Act also provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of enactment." This Court, therefore, has no authority to apply Section 403 of the First Step Act to reduce Chaplain's sentence retroactively.

Accordingly,

IT IS ORDERED:

---

[1] Motions brought under the First Step Act for modification of a sentence are brought under 18 U.S.C. § 3582(c)(1)(B), and therefore do not need certification by the circuit as a second or successive motion under § 2255(h). 18 U.S.C. § 3582(c)(1)(B) ("[T]he court may modify an imposed term of imprisonment to the extent . . . expressly permitted by statute . . . ."); *see also United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019) ("The First Step Act . . . fits under the narrow exception to finality provided by § 3582(c)(1)(B) because it '*expressly* permits the court to' modify a term of imprisonment." (quoting *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010))) (emphasis in original).

5

1. Defendant Emmanuel Chaplain's "2241 Motion From Appellant," construed as a motion under 28 U.S.C. § 2255 and under the First Step Act, ECF No. 448, is dismissed;

2. Defendant Emmanuel Chaplain's "Separate Notice" seeking appointment of counsel, ECF No. 449, is denied;

3. No certificate of appealability will be issued;

4. A separate judgment will be entered; and

5. The Clerk will mail a copy of this Memorandum and Order to Defendant Emmanuel Chaplain at his last known address.

Dated this 12th day of March 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge