IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:14CR409 |
| vs. | |
| EMMANUEL CHAPLAIN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's Motion seeking appointment of counsel, ECF No. 458. The Defendant states that he wishes to pursue relief under 18 U.S.C. § 3582 (c)(1)(A)(i), with respect to the "stacking" of his firearms sentences.

The First Step Act, among many other things, amended 18 U.S.C. § 924. In Section 403 of the Act, Congress amended § 924(c)(1)(C) so a consecutive term of 25 years (300 months) for a second or subsequent conviction for possession of a firearm during a crime of violence is no longer mandated if the crime was committed before a prior conviction under the subsection was final. This amendment may have benefited the Defendant it had been in effect at the time of his sentencing.[1] Section 403 of the First Step Act also provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of enactment." This Court,

---

[1] If the amendment *had* been in effect at the time of the Defendant's sentencing, the Court could have imposed lengthier sentences for the Defendant's underlying crimes of violence, resulting in the same overall sentence. The Court considered the mandatory, consecutive nature of the § 924(c)(1)(C) sentences when fashioning the remainder of the Defendant's terms of incarceration.

therefore, has no authority to apply Section 403 of the First Step Act to reduce the Defendant's sentence retroactively.

The First Step Act also amended 18 U.S.C. § 3582.[2] In Section 603 of the Act, Congress amended § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." The Defendant has submitted no evidence or factual allegations regarding any exhaustion of his administrative remedies through the Bureau of Prisons. Accordingly, the Court has no jurisdiction to entertain any motion under § 3582(c)(1)(A), and the Defendant has not shown good cause for the appointment of counsel.

IT IS ORDERED:

1. The Defendant's Motion, ECF No. 458, seeking appointment of counsel is denied; and
2. The Clerk will send a copy of this Memorandum and Order to the Defendant at his last known address.

---

[2] Section 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Dated this 10th day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge