IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:14CR409 |
| vs. | |
| EMMANUEL CHAPLAIN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's Motion for appointment of counsel, ECF No. 460.  He seeks relief under 18 U.S.C. § 3582(c)(1)(A)(i).  His earlier motion seeking appointment of counsel to pursue such relief, ECF No. 458, was denied, because the Defendant had not exhausted administrative remedies.  *See* Mem. & Order, ECF No. 459.  In his pending Motion, he has attached documentation demonstrating such exhaustion.  Nonetheless, the pending Motion will be denied.

## BACKGROUND

After a six-day jury trial, Chaplain was found guilty of the following Counts of the Superseding Indictment:  Count IV (Robbery in violation of 18 U.S.C. § 1951), Count VII (Robbery in violation of 18 U.S.C. § 1951), Count VIII (Robbery in violation of 18 U.S.C. § 1951), Count IX (Brandishing a Firearm During a Crime of Violence, *i.e.*, Robbery as charged in Count VIII), Count X (Robbery in violation of 18 U.S.C. § 1951), County XI (Robbery in violation of 18 U.S.C. § 1951) Count XII (Brandishing a Firearm During a Crime of Violence, *i.e.*, Robbery as charged in Count XI), Count XIII (Robbery in violation of 18 U.S.C. § 1951), County XIV (Robbery in violation of 18 U.S.C. § 1951),

County XVI (Felon in Possession of a Firearm), and Count XVIII (Brandishing a Firearm in Connection with a Crime of Violence, *i.e.*, Robbery charged in Count XIII).

On June 20, 2016, Chaplain was sentenced to 168 months on Counts IV, VII, VIII, X, XI, XIII, and XIV; seven years (consecutive) on Count IX; 25 years (consecutive) on Count XII; 120 months (concurrent) on Count XVI, and 25 years (consecutive) on Count XVIII; followed by three years of supervised release on Counts IV, VII, VIII, X, XI, XIII, XIV, XVI, and five years of supervised released on Counts IX, XII, XVIII, all to run concurrently.

Chaplain filed a timely appeal, and his conviction and sentence were affirmed by the U.S. Court of Appeals for Eighth Circuit on July 21, 2017.  His petition for rehearing was denied on October 4, 2017, and the mandate was issued on October 11, 2017.  He has exhausted his remedies under 28 U.S.C. § 2255.  He now seeks appointment of counsel to pursue relief under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018).

The First Step Act, among other things, amended 18 U.S.C. § 924.  In Section 403 of the Act, Congress amended § 924(c)(1)(C) so an enhanced consecutive term for a second or subsequent conviction for use of a firearm during a crime of violence is no longer mandated if the crime was committed before a prior conviction under the subsection was final.  This amendment may have benefited Chaplain with respect to his sentences on Counts XII and XVIII if it had been in effect at the time of his sentencing. Section 403 of the First Step Act also provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date

2

of enactment." This Court, therefore, has no authority to apply Section 403 of the First Step Act to reduce Chaplain's sentence retroactively.

The First Step Act also amended 18 U.S.C. § 3582. In Section 603 of the Act, Congress amended § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." Chaplain submitted evidence of his exhaustion of his administrative remedies through the Bureau of Prisons, ECF No. 460 at Page ID 2925-26, and the Court will address his Motion.

## DISCUSSION

Section 3582(c)(1)(A) provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction;
    . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

If Chaplain were sentenced for his crimes today, he would not be subject to the mandatory sentencing enhancements for his second and third firearms offenses under § 924(c)(1)(C), commonly referred to as "stacking." He would, however, be subject to enhanced sentences on the firearms counts pursuant to § 924(c)(1)(A)(ii) for brandishing his firearm. The Court will not discuss in any depth whether there is an

"extraordinary and compelling reason" for a reduction in Chaplain's sentences on Counts XII and XVIII of the Superseding Indictment, because any reduction in the Defendant's sentence at this juncture would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a) and applicable policy statements issued by the Sentencing Commission.

United States Sentencing Guideline § 1B1.13 and related Commentary were most recently updated on November 1, 2018, before the effective date of the First Step Act—December 21, 2018. Accordingly, the Guideline and Commentary still presume that a reduction in sentence under § 3582(c)(1)(A) must be made upon motion of the Director of the Bureau of Prisons:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction;
>  . . . .
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

With respect to the factors listed in 18 U.S.C. § 3142(g) to determine whether a defendant poses a danger to any person or to the community, the list is from a statute used to determine release or detention of a defendant pending trial. In summary, a court is to consider the nature and circumstances of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the

4

nature and seriousness of the danger the defendant poses to any person or the community. Here, the Defendant's crimes were very serious and the weight of evidence against him was beyond a reasonable doubt. At the time of his crimes in 2014, he posed an extreme danger to the community, and the Court cannot conclude that the risk he poses has been alleviated.

The Defendant has served only a small fraction of his sentence. Even if he were granted the relief he seeks, he would still be facing a very long term of incarceration. Accordingly, the Court will deny his Motion without prejudice to resubmission no sooner than the year 2036.

IT IS ORDERED:

1. The Defendant's Motion for Appointment of Counsel, ECF No. 460, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 24th day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge