IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:14-CR-409 |
| vs. | |
| EMMANUEL CHAPLAIN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Defendant's Motion seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i). Filing 488. The Court denies the motion for the reasons stated herein.

## I. BACKGROUND

After a six-day trial, a jury found Defendant guilty of the following Counts in the Superseding Indictment: Count IV (Robbery in violation of 18 U.S.C. § 1951); Count VII (Robbery in violation of 18 U.S.C. § 1951); Count VIII (Robbery in violation of 18 U.S.C. § 1951); Count IX (Brandishing a Firearm During a Crime of Violence, *i.e.*, Robbery as charged in Count VIII); Count X (Robbery in violation of 18 U.S.C. § 1951); Count XI (Robbery in violation of 18 U.S.C. § 1951); Count XII (Brandishing a Firearm During a Crime of Violence, *i.e.*, Robbery as charged in Count XI); Count XIII (Robbery in violation of 18 U.S.C. § 1951); Count XIV (Robbery in violation of 18 U.S.C. § 1951); Count XVI (Felon in Possession of a Firearm); and Count XVIII (Brandishing a Firearm in Connection with a Crime of Violence, *i.e.*, Robbery charged in Count XIII). *See* Filing 233.

On June 20, 2016, the Court sentenced Defendant to 168 months' incarceration on Counts IV, VII, VIII, X, XI, XIII, and XIV; 7 years (consecutive) on Count IX; 25 years (consecutive) on Count XII; 120 months (concurrent) on Count XVI, and 25 years (consecutive) on Count XVIII;

followed by three years of supervised release on Counts IV, VII, VIII, X, XI, XIII, XIV, XVI, and five years of supervised released on Counts IX, XII, XVIII, all to run concurrently. Filing 272. His total sentence was 852 months' imprisonment. Filing 348 at 6.

Defendant filed a timely appeal, and the United States Court of Appeals for Eighth Circuit affirmed his conviction and sentence on July 21, 2017. Filing 348. His petition for rehearing was denied on October 4, 2017 (Filing 365), and the mandate was issued on October 11, 2017 (Filing 367).

Defendant filed his first motion under 28 U.S.C. § 2255 on August 9, 2018 (Filing 386), and the motion was denied on August 31, 2018 (Filing 388). Defendant filed a Notice of Appeal, and the Eighth Circuit denied his application for a certificate of appealability. Filing 401. Defendant moved the Court to modify his sentence under § 2255 and the First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(1), 132 Stat. 5194, 5220 (2018). Filing 448. The Court denied Defendant's motion because his § 2255 was successive and concluded that the First Step Act did not apply retroactively to Defendant's sentence. Filing 450 at 4-5.

Defendant now brings this motion under § 3582(c)(1)(A)(i), arguing that the disparity between his sentence and those sentenced under the First Step Act constitutes an extraordinary and compelling reason for sentence reduction under 18 U.S.C. § 3553(a)(6). Filing 488. Defendant acknowledges that his motion is essentially a motion for reconsideration of the Court's[1] previous Memorandum and Order on his First Step Act arguments. Filing 488 at 1.

## II. ANALYSIS

As an extraordinary and compelling reason for a reduction in sentence, Defendant argues that he would be subject to a lower sentence under statute if he were sentenced today. When

---

[1] This matter was reassigned to the undersigned following the untimely and unexpected death of Senior District Judge Laurie Smith Camp. Filing 468.

Defendant was sentenced, he was subject to a mandatory minimum because under the version of 18 U.S.C. § 924(c) in effect at the time, a term of 25 years (300 months) for a second or subsequent conviction for possession of a firearm during a drug trafficking crime was mandatory. Section 403 of the First Step Act amended § 924(c)(1)(C) so that the 300-month sentence was no longer mandated if the crime was committed before a prior conviction under the subsection was final.

The First Step Act may have benefitted Defendant had it been in effect at the time he was sentenced in 2016. However, as the Court previously recognized, Section 403 of the First Step Act states: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of enactment." Thus, the Court previously concluded that it had no authority to apply Section 403 of the First Step Act to reduce Defendant's sentence retroactively. Filing 450 at 5.

Defendant now apparently seeks to circumvent the Court's previous ruling by arguing that because his sentence would have likely been lower under the First Step Act, he has shown extraordinary and compelling reasons for a sentence reduction. However, Congress explicitly stated that the First Step Act was not retroactive. *See United States v. Tovar*, No. 3:12-CR-31-5, 2020 WL 3578579, at *4 (D.N.D. July 1, 2020) ("Congress has evidenced the intent not to make this provision of the First Step Act generally retroactive by making § 401 applicable to offenses committed before the Act's enactment only if a sentence had not been imposed as of the date of enactment." (internal quotation and citation omitted)); *see also United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *8 (E.D. Tenn. June 16, 2020); *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1237 (2020) ("[T]he First Step Act is largely forward-looking and not retroactive, applying only where a sentence for the

offense has not been imposed as of [the] date of enactment."). For that reason, courts have held that it would be inappropriate to deny reduction under the First Step Act but to grant a reduction for compassionate release because the First Step Act creates a sentencing disparity with those sentenced after the Act went into effect. See *Tovar*, 2020 WL 3578579, at *4; *Ryerson*, 2020 WL 3259530, at *8.

The Court correctly held previously that it did not have power under the First Step Act to retroactively reduce Defendant's sentence. The Court cannot now circumvent the law by essentially concluding that the existence of the First Step Act is an extraordinary and compelling reason for reduction under 18 U.S.C. § 3582(c). Accordingly, Defendant's motion must be denied.

IT IS ORDERED:

1. Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i), Filing 488, is denied; and

2. The Clerk of Court will mail Defendant a copy of this Memorandum and Order at his last known address.

Dated this 19th day of November, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge