IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>EMMANUEL CHAPLAIN,<br><br>     Defendant. | 8:14-CR-409<br><br>**ORDER** |

    In June 2016, the late Judge Smith-Camp sentenced defendant Emmanuel Chaplain to a total term of 852 months' incarceration after he was convicted of numerous robbery, felon-in-possession, and brandishing crimes. Filing 272 (Judgment). This matter is before the Court on the defendant's *pro se* Motion, which states in its entirety:

> The defendant now to file for sentence reduction under 18 U.S.C. § 3582(b) seeking the Court to dismiss his [18 U.S.C. §] 922(g) count attached to his 18 U.S.C. § 924(c) due to the fact it's unconstitutional to apply 18 U.S.C. § 922(g) together to the 924(c), citing now case: [*Erlinger v. United States*, 602 U.S. 821 (2024)].
>
> The defendant is requesting the Judge dismiss 18 U.S.C. § 922(g) in the indictment because he is charged with both 922(g) & 924(c) which does not fall under the statutes.

Filing 606 ([sic] throughout). Although the defendant's basis for relief is not clear, the Court will interpret his Motion as a challenge to the constitutionality of his convictions in light of recent caselaw.

    In *Erlinger*, the Supreme Court held that a defendant "was entitled to have a jury resolve [the Armed Career Criminal Act's] occasions inquiry unanimously and beyond a reasonable doubt" but "decide[d] no more than that." 602 U.S. at 835. *Erlinger* is in no way implicated by the defendant's case, as the defendant was not assessed any enhancement under the Armed Career Criminal Act. *See* Filing 265 (Presentence Investigation Report); Filing 272 (Judgment). Nor do

any recent cases of precedential value hold that the defendant's convictions under 18 U.S.C. §§ 922(g) and 924(c) are constitutionally infirm. *See United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) ("conclud[ing] that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)," the statute prohibiting felons from possessing firearms). Accordingly,

IT IS ORDERED that the defendant's *pro se* Motion, Filing 606, is denied.

Dated this 27th day of February, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge