IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EMMANUEL CHAPLAIN,<br><br>Defendant. | **8:14-CR-409**<br><br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTIONS FOR SENTENCE REDUCTION** |

This matter is before the Court on three *pro se* motions filed by defendant Emmanuel Chaplain. All three of Chaplain's motions seek a reduction of the defendant's sentence under "3582(b)." Filing 614 (Motion for Sentence Reduction); Filing 617 (Motion to Reduce Sentence (Compassionate Release)); Filing 618 (Motion to Reduce Sentence (Compassionate Release)). The Court understands Chaplain to refer to 18 U.S.C. § 3582(b), but that subsection does not authorize a court to modify a sentence. Instead, the Court construes Chaplain's motions as being made pursuant to 18 U.S.C. § 3582(c), which sets forth limited circumstances in which a court may modify a term of imprisonment once it has been imposed. For the reasons stated below, Chaplain's motions are denied.

## I.    BACKGROUND

After a six-day jury trial, Chaplain was found guilty of 11 counts: 7 counts of robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2 (Counts IV, VII, VIII, X, XI, XIII, and XIV); 3 counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Counts IX, XII, and XVIII); and 1 count of being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g) (Count XVI). Filing 233. In June 2016, the late Judge Smith Camp sentenced Chaplain to a total term of 852 months of incarceration: 168 months on the robbery counts and 120 months on the felon in possession count, all to be served concurrently; 7 years (84 months) on Count IX of the brandishing counts; 25 years (300 months) on Count XII of the brandishing counts; and 25 years (300 months) on Count XVIII of the brandishing counts. Filing 272 at 3. Pursuant to the governing statute, the sentences for each of the brandishing counts were ordered to run consecutive to the concurrent sentences and to each other. Filing 272 at 3. On April 8, 2024, this Court entered an order reducing Chaplain's sentence on the robbery counts from 168 months to 151 months after the United States Sentencing Commission promulgated Amendment 821 to the Guidelines which altered the assignment of criminal history status points under U.S.S.G. § 4A1.1. Filing 562. The Court's order specifically stated that the sentence reduction did not affect the sentences for the felon in possession count and the brandishing counts, meaning Chaplain's total term of incarceration is 835 months. Filing 562 at 1.

When Chaplain was convicted and first sentenced by Judge Smith Camp, the law governing his brandishing counts, 18 U.S.C. § 924(c), established a 7-year mandatory minimum penalty for a first-time offense and "required imposition of an additional 25 years of imprisonment (on top of the [7]-year mandatory minimum) for any 'second or subsequent conviction under this subsection.'" *Hewitt v. United States*, 606 U.S. 419, 423 (2025) (quoting 18 U.S.C. § 924(c)(1)(C)(i) (2006)). As a result, Chaplain received a 7-year sentence on Count IX, the first brandishing count, and 25-year sentences each on Counts XII and XVIII, his second and third subsequent brandishing convictions. In 2018, Congress enacted the First Step Act which included a section that amended 18 U.S.C. § 924(c)'s "stacking" mechanism, changing the statute's language from "second or subsequent conviction under this subsection" to "violation of this subsection that occurs after a prior conviction

2

under this subsection has become final." Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22. Because of the amendment to 18 U.S.C. § 924(c) in § 403(a) of the First Step Act, 25-year mandatory minimum sentences no longer "stack" when the defendant is a first-time offender who has committed multiple § 924(c) violations in the same criminal prosecution. Instead, defendants convicted of multiple brandishing counts in the same criminal prosecution are to receive 7-year mandatory minimum sentences on each count, to be served consecutively. *See Hewitt*, 606 U.S. at 424 ("Among other things, § 403(a) of the First Step Act clarified that district court judges are *not* required to impose stacked 25-year sentences when sentencing first-time § 924(c) offenders." (cleaned up)). Section 403(b) of the First Step Act addresses the retroactive applicability of the "stacking" amendment, stating:

> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222.

In his three motions presently before the Court, Chaplain asserts a timing argument based on his 2024 sentence reduction. When Chaplain was originally sentenced in 2016, the First Step Act did not exist. When Chaplain received a sentence reduction on the robbery counts in 2024, the First Step Act had long been in place. Chaplain argues that his sentence reduction in 2024 was "a new sentence . . . imposed after the First Step Act was passed" and that he was effectively "sentence[d] today," meaning the amendment to 18 U.S.C. § 924(c)(1)(C) was applicable to his case under § 403(b) because his was "an[ ] offense that was committed before the date of enactment of this Act" where "a sentence for the offense has not been imposed as of such date of enactment." Filing 614 at 2; Filing 617 at 1; Filing 618 at 3. In making this argument, Chaplain leans heavily on *Hewitt v.*

3

*United States*, 606 U.S. 419 (2025), a recent Supreme Court case decided just days after the Court denied Chaplain's prior motion raising the issue of the First Step Act's applicability to his case in light of his 2024 sentence reduction. Filing 611 (Motion for Compassionate Release); Filing 612 (Order Denying Filing 611).

## II. ANALYSIS

### A. Chaplain is Not Entitled to Relief Under *Hewitt v. United States*

In *Hewitt*, the Supreme Court considered "an edge case" of three defendants who were convicted of multiple counts of bank robbery, conspiracy to commit bank robbery, and use of a firearm during a crime of violence. *Hewitt*, 606 U.S. at 422, 424–25. The "use of a firearm" counts were 18 U.S.C. § 924(c) violations. Because the defendants were convicted in 2009 prior to the First Step Act, their first use of a firearm charges were subject to a 5-year mandatory minimum penalty under 18 U.S.C. § 924(c)(1)(A)(i)[1] while each remaining use of a firearm count automatically resulted in a 25-year mandatory minimum penalty. Due in part to the stacked § 924(c) counts, each defendant was sentenced to more than 325 years in prison. The defendants challenged some of their convictions on direct appeal and were successful, leading the Fifth Circuit Court of Appeals to vacate their sentences. In 2012 and still prior to the First Step Act, the district court resentenced all three defendants on the counts that remained, imposing sentences between 285 and 305 years that the Fifth Circuit affirmed on direct appeal. The defendants filed 28 U.S.C. § 2255 motions, but those were denied. Following the passage of the First Step Act in 2018 and the Supreme Court's holding in *United States v. Davis*, 588 U.S. 445 (2019), that the definition of "crime of violence" used to

---

[1] In the present case, defendant Chaplain was convicted of three counts of *brandishing* a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), triggering a 7-year mandatory minimum sentence instead of a 5-year mandatory minimum sentence for *using* a firearm in furtherance of a crime of violence like the defendants in *Hewitt*.

4

support some § 924(c) convictions was unconstitutionally vague, the Fifth Circuit granted the defendants authorization to file second or successive § 2255 motions. The district court subsequently vacated the defendant's § 924(c) convictions and the defendant's sentences. The district court held resentencing hearings on the remaining convictions and rejected the defendants' argument that they should be sentenced under the First Step Act's more lenient penalties for 18 U.S.C. § 924(c) convictions as set forth in § 403 of the Act. The district court concluded that under § 403(b) the changes to 18 U.S.C. § 924(c) did not retroactively apply to the defendants even though their pre-First Step Act sentences had been vacated after the First Step Act took effect. The district court then imposed 25-year mandatory minimum stacked sentences consistent with the pre-Act approach.

The Supreme Court disagreed, concluding "that a sentence has been imposed for purposes of [§ 403(b)] if, and only if, the sentence is extant—*i.e.*, has not been vacated." *Hewitt*, 606 U.S. at 427. In reaching this conclusion, the Supreme Court examined the language of § 403(b), which provides that the section's amendments would "apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222. The *Hewitt* court focused its analysis on the present-perfect tense of the phrase "has not been imposed" and explained that "the text of § 403(b) indicates that only past sentences with continued validity preclude application of the Act's new penalties." *Hewitt*, 606 U.S. at 427, 433. Put differently, "§ 403(b) covers only past sentences with continued legal validity, not those that have been vacated." *Id.* at 431. The Supreme Court determined that because the *Hewitt* defendants' sentences—including their "previous § 924(c) sentences"—had been vacated after the First Step Act took effect and because they "need[ed] to be resentenced" after the First Step Act's enactment date, the defendants were "subject to the Act's revised penalties," regardless of their original sentencing date. *Id.* at 440. As a result, the defendants

5

should not have received the pre-Act, stacked 25-year mandatory minimum sentences for their § 924(c) convictions at their post-Act resentencing. *Id.* at 423, 440.

Chaplain argues that the same logic applies to his case. Specifically, Chaplain argues that his 2024 sentence reduction on the robbery counts means a "sentence was not imposed for the purposes of § 403(b) of the [First Step] Act" and "[t]hus the Act['s] more lenient penalties applied at resentencing." Filing 617 at 1; *see also* Filing 614 at 2 (arguing that "the First Step Act shall now apply due to the fact the New Sentence was imposed after the First Step Act was passed"); Filing 618 at 1 (contending that "Mr. Chaplain['s] new sentence was not imposed for the purpose of § 403(b) of the Act" and "[t]hus the Act['s] more lenient penalties applied at resentencing"). Chaplain's case is distinguishable from *Hewitt* in one key respect: at no point since Chaplain was sentenced by Judge Smith Camp in 2016 has he "lack[ed] a sentence." *Hewitt*, 606 U.S. at 439. Chaplain's 2024 sentence reduction was not a resentencing, and neither this Court nor any other court has vacated Chaplain's sentences on any of his counts of conviction. *See United States v. Moore*, 963 F.3d 725, 728 (8th Cir. 2020) (discussing the differences between a sentence reduction under the First Step Act and "the district court's original, plenary sentencing"). Indeed, the Court's order granting the sentence reduction on the robbery counts specifically held that Chaplain's sentences on the brandishing counts and the felon in possession count "remain[ed] in effect." Filing 562 at 1. Chaplain's sentences have had "continued validity" since they were imposed in 2016 prior to the enactment of the First Step Act, so "the text of § 403(b) . . . preclude[s] application of the Act's new penalties." *Hewitt*, 606 U.S. at 433. *Hewitt* therefore does not apply to Chaplain's case.

### B.  Chaplain Has Not Identified Grounds for a Sentence
### Reduction Under 18 U.S.C. § 3582(c)

As the Court has already explained, all three of Chaplain's pending motions seek a reduction of the defendant's sentence under "3582(b)." Filing 614 (Motion for Sentence Reduction); Filing 617 (Motion to Reduce Sentence (Compassionate Release)); Filing 618 (Motion to Reduce Sentence (Compassionate Release)). Because 18 U.S.C. § 3582(b) does not authorize the Court to reduce a defendant's sentence, the Court has construed the motions as being made pursuant to 18 U.S.C. § 3582(c). Under 18 U.S.C. § 3582(c), a district court can only modify a term of imprisonment if (1) there are extraordinary and compelling circumstances warranting a sentence reduction and a reduction would be consistent with the factors set out in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission; (2) modification is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) the defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and a sentence reduction would be consistent with the 18 U.S.C. § 3553(a) factors and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), and (c)(2). Chaplain has not shown that a sentence reduction is appropriate under any avenue set forth in 18 U.S.C. § 3582(c).

First, to the extent Chaplain argues that the Supreme Court's decision in *Hewitt* is an "extraordinary and compelling reason[ ] warrant[ing]" a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court has already determined that the holding in *Hewitt* has no impact on Chaplain's case because Chaplain has not "lack[ed] a sentence" at any point since he was sentenced in this matter in June 2016. *Hewitt*, 606 U.S. at 439; *see also United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) (concluding "that a non-retroactive change in law, whether offered alone

or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling' reasons for a reduction in sentence under § 3582(c)(1)(A)"). Moreover, if Chaplain is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), he has not shown that he exhausted his administrative remedies prior to filing his motions, meaning he has not complied with the "mandatory claim-processing rule" governing compassionate release motions. *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021). Second, the Court cannot modify Chaplain's sentence under 18 U.S.C. § 3582(c)(1)(B) because modification is not "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" where § 403(b) of the First Step Act does not extend the Act's "more lenient penalties" for 18 U.S.C. § 924(c) convictions to Chaplain, *Hewitt*, 606 U.S. at 422, and where there has been neither an "arithmetical, technical, or other clear error" in Chaplain's sentence nor a motion by the Government for a sentence reduction based on substantial assistance, Fed. R. Crim. P. 35. Third, 18 U.S.C. § 3582(c)(2) does not support a sentence reduction at this time because there is no evidence that the sentencing range underlying Chaplain's sentence "has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)."

Furthermore, the 18 U.S.C. § 3553(a) sentencing factors weigh against a sentence reduction in this case. *See* 18 U.S.C. § 3582(c)(1)(A) and (c)(2) (contemplating that the Court will consider the "factors set forth in section 3553(a) to the extent that they are applicable" in determining whether a sentence reduction is appropriate). Among other factors, the "nature and circumstances of the offense," the "history and characteristics of the defendant," and "the need for the sentence imposed" to "reflect the seriousness of the offense, to promote respect for the law, [ ] to provide just punishment for offense," to "afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant" all suggest that a sentence reduction would be inappropriate. 18 U.S.C. § 3553(a)(1), (2)(A)–(C). Chaplain and his codefendants robbed multiple

businesses at gunpoint, terrorizing innocent employees and demanding that they turn over money or else lose their lives. This is extremely serious conduct that warrants the lengthy sentence Chaplain received. Chaplain's criminal history reveals prior convictions for similar conduct, indicating that he was not adequately deterred from criminal conduct and that he poses a danger to the public. The Court has also considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). As the Court has addressed in a previous order, Chaplain's sentence is much longer than his codefendants' but that is because the codefendants pleaded guilty to considerably fewer charges than the 11 counts Chaplain was convicted of at trial. Filing 612 at 5–6. Thus, having evaluated the applicable sentencing factors, the Court concludes that a sentence reduction would be contrary to 18 U.S.C. § 3553(a) even if Chaplain had identified an appropriate basis for a reduction under 18 U.S.C. § 3582(c).

### III. CONCLUSION

For the foregoing reasons, Chaplain's three *pro se* motions seeking a reduced sentence are denied. Chaplain has not "lack[ed] a sentence" since Judge Smith Camp sentenced him in June of 2016, and there is no merit to his argument that the Supreme Court's decision in *Hewitt* supports a sentence reduction. *Hewitt*, 606 U.S. at 439. Accordingly,

IT IS ORDERED:

1. Defendant Emmanuel Chaplain's Motion for Sentence Reduction, Filing 614, is denied;

2. Chaplain's Motion to Reduce Sentence (Compassionate Release), Filing 617, is denied; and

3. Chaplain's Motion to Reduce Sentence (Compassionate Release), Filing 618, is denied.

Dated this 4th day of May, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge